Vernon HARRIS, Plaintiff–Appellant,

v.

SUPERIOR COURT OF the State of ARIZONA in and for the COUNTY OF MARICOPA; Arizona Supreme Court; State of Arizona, Defendants–Appellees.

No. 06–16416.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 18, 2008.

Filed May 8, 2008.

Glenn J. Carter, Esq., Jennings Strouss & Salmon, PLC, Cheri McCracken, Esq., Law Office of Cheri L. McCracken, Phoenix, AZ, for Plaintiff–Appellant.

Katherine E. Baker, Esq., Katherine E. Baker, Esq., Green & Baker, Scottsdale, AZ, for Defendants–Appellees.

Before: HUG, SCHROEDER, and CALLAHAN, Circuit Judges.

MEMORANDUM *

Vernon Harris appeals the district court's order granting summary judgment in favor of the defendants. We must determine, viewing the evidence in the light

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

most favorable to the nonmoving party, whether there are genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *Godwin v. Hunt Wesson, Inc.,* 150 F.3d 1217, 1220 (9th Cir.1998). We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

Harris asserts numerous race and sex discrimination claims. The district court properly granted the defendants' motion for summary judgment on Harris' sex-based hostile work environment claim because it was untimely. *See* 42 U.S.C. § 2000e–5(e)(1); *see also Fonseca v. Sysco Food Servs. of Az., Inc.,* 374 F.3d 840, 845 (9th Cir.2004). There is also no genuine issue of material fact regarding his race-based hostile work environment claim because his work environment was neither subjectively nor objectively racially hostile. The racial comments were isolated, made outside Harris' presence, and could not create a pervasively hostile environment. *See Vasquez v. County Los Angeles,* 349 F.3d 634, 642–44 (9th Cir.2003).

■ Summary judgment was also proper on Harris' disparate treatment claim because the defendants produced legitimate nondiscriminatory reasons for asking Harris to resign. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Harris violated the court's standards for employee conduct. He failed to produce sufficient evidence to create a genuine issue of material fact that the defendants' professed reasons were a pretext for racial discrimination. *See Wallis v. J.R. Simplot Co.,* 26 F.3d 885, 889 (9th Cir.1994). With respect to his retaliation claim, Harris presented for the first time on appeal six new purported retaliatory acts by defendants, all of which he waived by failing to raise them in the district court. *See Whittaker Corp.*

*v. Execuair Corp.,* 953 F.2d 510, 515 (9th Cir.1992).

■ Harris was an at-will employee, *see* A.R.S. § 12–213 (2007); *see also McLeod v. Chilton,* 132 Ariz. 9, 643 P.2d 712, 720 (Ariz.Ct.App.1981), without an express or implied employment contract terminable for good cause, *see* A.R.S. § 23–1501(1)–(2) (2007), and, thus, his contractual rights were not violated. There is also no genuine issue of material fact that Harris was not deprived of a protected property interest without due process, because he was an at-will employee without a legal entitlement to continued employment. *See Bd. of Regents of State Colleges v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); *see also Fed. Deposit Ins. Corp. v. Henderson,* 940 F.2d 465, 477 (9th Cir.1991). Harris was also not deprived of a protected liberty interest because there is no admissible evidence that the defendants publicly disclosed stigmatizing information. *See Debose v. U.S. Dep't of Agric.,* 700 F.2d 1262, 1266 (9th Cir.1983).

■ There is no genuine issue of material fact that the defendants did not breach the covenant of good faith and fair dealing because Harris was terminated for "good cause." *See Wagenseller v. Scottsdale Memorial Hosp.,* 147 Ariz. 370, 710 P.2d 1025, 1041 (1985) ("[B]ecause tenure is contrary to the bargain in an at-will contract, we reject the argument that a no cause termination breaches the implied covenant of good faith and fair dealing in an employment-at-will relationship."); *see also Nelson v. Phoenix Resort Corp.,* 181 Ariz. 188, 888 P.2d 1375, 1385 (Ariz.Ct. App.1994) ("Every court that has considered *Wagenseller* has construed its holding to prohibit a tortious 'bad faith' cause of action from arising out of breach of an employment agreement when no public policy is violated, whether the employee

was 'at will' or tenured by contract."). The defendants' conduct was neither "extreme" nor "outrageous," and, thus, there is no genuine issue of material fact regarding Harris' intentional infliction of emotional distress claim. *See Johnson v. McDonald,* 197 Ariz. 155, 3 P.3d 1075, 1080 (Ariz.Ct.App.1999). There is also no genuine issue of material fact regarding Harris' interference with prospective business relationships claim because there is no evidence that the defendants intentionally interfered with any of Harris' contracts or business expectancies. *See Pasco Indus., Inc. v. Talco Recycling, Inc.,* 195 Ariz. 50, 985 P.2d 535, 547 (Ariz.Ct.App.1998).

 Even assuming the defendants disseminated information about his termination that cast Harris in a false light, that information concerned the performance of Harris' public duties, for which there can be no cause of action under Arizona law. *See Godbehere v. Phoenix Newspapers, Inc.,* 162 Ariz. 335, 783 P.2d 781, 789 (1989). There is also no genuine issue of material fact regarding Harris' defamation claim because Harris fails to identify any false or defamatory statements, which were published to a third party and made with actual malice, and which resulted in damage. *See Morris v. Warner,* 160 Ariz. 55, 770 P.2d 359, 366 (Ariz.Ct.App.1998). Finally, Harris' spoliation of evidence claim was raised for the first time on appeal and, thus, was waived. *See Whittaker Corp.,* 953 F.2d at 515.

The court has not considered Harris' negligent infliction of emotional distress claim, equal protection claim, racial discrimination claim based on a disparate impact theory, and his claims arising from the district court's order granting defendants' motion for judgment on the pleadings. Harris did not raise or support these claims in his opening brief. *See* Fed. R.App. P. 28(a)(9)(A) (stating that a brief must contain "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record....."); *Int'l Union of Bricklayers & Allied Craftsman Local Union No. 20, AFL–CIO v. Martin Jaska, Inc.,* 752 F.2d 1401, 1404 (9th Cir.1985) (stating that the court "will not ordinarily consider matters on appeal that are not specifically and distinctly raised and argued in appellant's opening brief.").

**AFFIRMED.**